```
                                        FILED

                                    2008 NOV 19  PM 3: 11

                                    CLERK US DISTRICT COURT
                                    SOUTHERN DISTRICT OF CALIFORNIA


                                    BY_____DEPUTY
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(Honorable REUBEN BROOKS)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>TIMOTHY WAYNE LAWHON<br><br>            Defendant. | CRIMINAL CASE 08CR3619-WQH<br>MAGISTRATE CASE 08MJ3140-RBB<br>   DATE: November 18, 2008<br>   TIME: 9:00 A.M.<br>   COURTROOM B<br><br>ORDER<br>SETTING VIDEO DEPOSITION<br>OF MATERIAL WITNESSES<br><br>MELVIN CONRADO DA VILA-VELIZ<br>MARIA DE LOS ANGELES<br>      GARCIA-JIMENEZ<br>R.G.C., a minor |

On application of Attorney Al Smithson, on behalf of the above-named material witnesses, and good cause appearing:

1. The material witnesses, MELVIN CONRADO DA VILA-VELIZ, ~~MARIA DE LOS ANGELES GARCIA-JIMENEZ, and R.G.C., a minor~~, held in custody in case number 08CR3619-WQH shall be deposed on December 4, 2008 at 10:00 a.m., at a place designated in the United States Attorney's Office at 880 Front Street, San Diego, California.

2. All parties shall attend the deposition. The arresting

1  agency shall bring the material witnesses to the deposition.  If
2  any defendant is in custody, that defendant or those defendants
3  shall be brought separately to the deposition.  A marshal shall
4  remain present throughout the preceding.
5      3.  The United States Attorney's office shall provide a
6  videotape and audio tape operator and arrange for a court-
7  certified interpreter to be present for the material witnesses,
8  if necessary.
9      4.  The cost of the interpreter for the material witnesses
10 will be borne by the Court.
11     5.  If the defendant needs an interpreter independent of the
12 material witness interpreter (if any), defense counsel will
13 arrange for a court-certified interpreter to be present.  The
14 cost of a separate interpreter for the defendant shall be paid by
15 the Court.
16     6.  A notary is to preside at the deposition in accordance
17 with Rule 28(a), Fed.R.Civ.P.  The parties may, by written
18 stipulation, agree to selection of any state certified notary.
19 In the absence of a written stipulation, the U.S. Attorney's
20 Office shall provide and pay for a notary as set forth in
21 Fed.R.Civ.P. 28(c).
22     7.  The deposition shall be videotape and audiotape
23 recorded.  Prior to the conclusion of the deposition, the
24 deponent, or a party, may, for good faith reasons, elect to have
25 the deponent review the videotaped record of their deposition so
26 as to check the recording for errors or omissions and to note any
27 changes.  Any errors or changes, and the reasons for making them,
28

1 shall be stated in writing and such writing shall be signed by
2 the deponent.
3      8.  The videotape operator shall select and supply all
4 equipment required to videotape the deposition and shall
5 determine all matters of staging and technique, such as number
6 and placement of cameras and microphones, lighting, camera angle,
7 and background.  He or she shall determine these matters in a
8 manner that accurately reproduces the appearance of each witness
9 and assures clear reproduction of both the witness' testimony and
10 the statements of counsel.  The witness, or any party to the
11 action, may place upon the record any objection to the videotape
12 operator's handling of any of these matters.  Such objections
13 shall be considered by the Court in ruling on the admissibility
14 of the video record.  All such objections shall be deemed waived
15 unless made promptly after the objector knows, or has reasonable
16 grounds to know, of the basis of such objection.
17      9.  The deposition shall be recorded in a fair, impartial,
18 objective manner.  The videotape equipment shall be focused on
19 each witness; however, the videotape operator may from time to
20 time focus upon charts, photographs, exhibits or like material
21 being shown to the witness during the deposition.
22      10. Before examination of each of the witness, the Assistant
23 United States Attorney shall state on the video record his or her
24 name; the date, time and place of the deposition; the name of the
25 witness and the caption of the action; the identity of the
26 parties and the names of all persons present in the deposition
27 room.  A notary shall then swear the witness on the video record.
28

1  Further, at the beginning of the examination by each counsel, the
2  counsel shall identify himself or herself and his or her
3  respective client on the record.
4      11.  The videotape operator shall not stop the video
5  recorder after the deposition commences until it concludes,
6  except, however, that any party may request a cessation for a
7  brief recess, which request will be honored unless another party
8  objects and states the basis for said objection on the record.
9  Each time the tape is stopped or started, the operator shall
10 announces the time on the record. If the deposition requires the
11 use of more than one tape, the end of each tape and the beginning
12 of the next shall be announced orally on the video record by the
13 operator.
14     12.  Testimonial evidence objected to shall be recorded as
15 if the objection had been overruled and the court shall rule on
16 the objections prior to admitting that portion of the deposition.
17 The party raising the objection(s) shall be responsible for
18 preparing a transcript for the court to consider.  All objections
19 to the evidence presented shall be deemed waived unless made
20 during the deposition.
21     13. The party offering the deposition into evidence at trial
22 shall be responsible for providing the Court with a transcript of
23 the portions so offered.  The transcript will be used in lieu of
24 contemporaneous transcription by the court reporter.
25     14.  Copies of all exhibits utilized during the videotaped
26 deposition shall be attached to the videotaped record.
27     15.  At the conclusion of the deposition, the Government and
28

the defendant will advise the material witness attorney if he intends to object to the release of these material witnesses. If the parties do not object to the release of material witnesses, the Government will immediately approve the release order of each material witness. The Government will provide the witness with a subpoena for the trial date and a travel fund advance letter.

16. If either party objects to the release of a material witness, the objecting party must within four business hours after the deposition has concluded request a hearing on the issue before the District Court. At the hearing, the objecting party must be prepared to show why live witness testimony is vital to its case. If, after the hearing, the Court decides to release the material witness, the material witness attorney should file the witness release order immediately. Again, the Government must serve each material witness with a trial subpoena and a travel fund advance letter before the material witness is released from custody.

17. The Assistant United States Attorney shall maintain custody of the original videotape of the deposition along with a certificate signed by the videotape operator attesting that it is an accurate and complete recording of the deposition until such time as any party or the material witness' attorney requests that it be filed with the court.

18. Upon such request, the Assistant United States Attorney shall file this original tape, along with the certification, with the court in a sealed envelope marked with the caption of the case, the name of the witness and the date of the deposition.

| | |
|---|---|
| 1 | 19. Upon request by either party, the Assistant United |
| 2 | States Attorney shall provide a copy of the videotaped deposition |
| 3 | to the requesting party at the requesting party's expense. |
| 4 | 20. The stenographic transcript shall be filed with the |
| 5 | Court as necessary pursuant to the Federal Rules of Civil |
| 6 | Procedure and the Local Civil Rules of this Court, as applicable. |
| 7 | 21. Unless waived by the parties, prompt notice shall be |
| 8 | given to all parties of the filing of the videotaped record of |
| 9 | the deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3). |
| 11 | IT IS SO ORDERED. |
| 13 | DATED: 11/18/08 |
| 16 | REUBEN B. BROOKS |
| | UNITED STATES MAGISTRATE JUDGE |